IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VENTURA CONTENT, LTD.,<br><br>  Plaintiff,<br><br> v.<br><br>UGC INTERNET VENTURES, LTD.,<br>SOBONITO INVESTMENTS, LTD.,<br>and DOES 1-9,<br><br>  Defendants. | CIVIL ACTION<br><br>FILE NO. 1:12-CV-02856-TCB |

**MOTION OF DEFENDANTS UGC INTERNET VENTURES, LTD.
AND SOBONITO INVESTMENTS, LTD. TO STAY
RULE 26(f) CONFERENCE AND INITIAL DISCLOSURE
REQUIREMENTS, AND SUPPORTING MEMORANDUM**

Defendants UGC Internet Ventures, Ltd. and Sobonito Investments, Ltd. move the Court, pursuant to Federal Rule of Civil Procedure ("FRCP") 26(c), to stay the case planning and discovery conference and report required by FRCP 26(f) and Local Rule 16, and the initial disclosures required by FRCP 26(a) and Local Rule 26, until the Court rules on Defendants' pending motion to dismiss. (Doc. 9.) As the Defendants have argued in that motion, neither Defendant has been properly served with process, and neither Defendant is subject to the personal jurisdiction of this Court. Under the briefing schedule approved by the Court, briefing will not be

completed until mid-January. And even if the motion were denied, no answer would be due until at least 14 days after the Court's ruling. FRCP 12(a)(4)(A). Therefore, planning for discovery and other procedural matters and engaging in initial discovery is premature for a case that may be dismissed without the need for any further proceedings. Counsel for the Defendants sought the consent of Plaintiff's counsel to a postponement of these requirements, but was unable to secure it, thus necessitating this motion. *See* accompanying declaration of Joshua P. Gunnemann at ¶¶ 2-4, and attached emails.

## ARGUMENT

Defendants are both foreign companies having no meaningful contacts with the State of Georgia or the United States. On November 16, 2012, Defendants moved to dismiss this copyright infringement action because Defendants have never been properly served, and because the Court does not have personal jurisdiction over them. If the Court grants Defendants' motion to dismiss, there would be no need for the parties to hold a case planning and discovery conference, to provide initial disclosures, or to commence discovery. Thus, it is premature for the parties to proceed with the required conferences, reports and disclosures until after the Court has decided whether the case is even properly before it.

Notwithstanding the likelihood that briefing will not even be complete on Defendants' motion to dismiss before January 17, 2013 (*see* Doc. 12 (order extending briefing time on motion to dismiss)), Plaintiff has insisted that the parties now proceed with the case planning and discovery conference contemplated by FRCP 26(f) and Local Rule 16.  Proceeding with such a conference could, of course, trigger a cascade of other costly requirements, such as the written discovery plan required by FRCP 26(f)(2), the deadline for making initial disclosures (FRCP 26(a)(1)(C)), and commencing substantive merits discovery.  Unless these requirements are stayed pending the Court's consideration of the Defendants' motion to dismiss, two foreign companies having no meaningful contacts with the State of Georgia will nevertheless be forced to incur unnecessary and burdensome attorneys' fees and expenses in this case, fees and expenses that would be incurred for naught should the Court conclude that this case was brought in an improper forum in the first instance.  The Court should stay these requirements under the compelling circumstances of this case.

It is well within the Court's discretion to order a stay of the planning and initial discovery requirements, and indeed, courts in this Circuit have done so.  *See, e.g., Dawson v. Piggott*, No. 10–00376, 2010 WL 3717408 at *1 (S.D. Ala. Sept. 9, 2010) (staying Rule 26(f) conference requirement pending resolution of

defendants' respective motions to dismiss); *Habib v. Bank of Am. Corp.*, No. 1:10–cv–04079, 2011 WL 2580971 at *1 & *6 (N.D. Ga. Mar. 15, 2011) (staying parties' obligations to comply with deadlines for conducting a Rule 26(f) conference, serving initial disclosures, and filing a joint preliminary report and discovery plan until district judge reviews Report and Recommendation on pending motion to dismiss); *see also Horsley v. Feldt*, 304 F.3d 1125, 1131 n. 2 (11th Cir. 2002) (upholding suspension of discovery pending defendants' motions for judgment on the pleading, as "there was no need for discovery before the district court ruled on those motions"); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) (noting that the Court's dismissal of a non-meritorious claim before discovery has begun allows litigants to avoid unnecessary costs associated with discovery).

The requested stay will not harm the Plaintiff. The conduct that is the subject of its suit is alleged copyright infringement based on the posting of material by unknown third parties on certain websites allegedly operated by the Defendants. Plaintiff has not sought preliminary injunctive relief in its First Amended Complaint, nor has it filed any motion seeking such pre-judgment relief. Moreover, the allegedly infringing material identified in Plaintiff's First Amended Complaint has already been removed from the websites. And the websites

themselves offer a ready means for reporting allegedly infringing material and seeking its prompt removal, without the need for any judicial intervention whatsoever.

Nor will the requested relief delay this case's progression to trial should the Court deny the motion to dismiss. As pointed out earlier, no answer is due until at least 14 days after the Court's ruling on the motion, FRCP 12(a)(4)(A), and discovery will not commence until "thirty (30) days after the appearance of the first defendant by answer to the complaint. . . ." Local Rule 26.2(A). Accordingly, there is no imminent need to proceed with discovery planning or initial disclosures, especially given the pending dispositive motion before the Court.

## **CONCLUSION**

Defendants respectfully request that the Court stay the case planning and discovery conference and report required by FRCP 26(f) and Local Rule 16, and the initial disclosures required by FRCP 26(a) and Local Rule 26, until a reasonable time after the Court rules on Defendants' pending motion to dismiss.

Dated:  December 5, 2012.

        /s/ *Phillip S. McKinney*
**PHILLIP S. MCKINNEY**
Georgia State Bar No. 495725
**RICHARD H. SINKFIELD**
Georgia State Bar No. 649100
**JOSHUA P. GUNNEMANN**
Georgia Bar No. 152250
ROGERS & HARDIN LLP
229 Peachtree Street NE
2700 International Tower
Atlanta, GA 30303
Phone: 404-522-4700
Fax: 404-525-2224
Email: pmckinney@rh-law.com
Email: rsinkfield@rh-law.com
Email: jgunnemann@rh-law.com

*Attorneys for Defendants UGC Internet Ventures, Ltd. and Sobonito Investments, Ltd.*

IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VENTURA CONTENT, LTD., <br><br>   Plaintiff, <br><br>  v. <br><br> UGC INTERNET VENTURES, LTD., SOBONITO INVESTMENTS, LTD., and DOES 1-9, <br><br>   Defendants. | CIVIL ACTION <br><br> FILE NO. 1:12-CV-02856-TCB |

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I certify that this pleading complies with the font and point selections set forth in Local Rule 5.1(C).  This pleading has been prepared using Times New Roman font (14 point).

/s/ *Phillip S. McKinney*
Phillip S. McKinney

ROGERS & HARDIN LLP
229 Peachtree Street NE
2700 International Tower
Atlanta, Georgia 30303
Tel:  (404) 522-4700
Fax:  (404) 525-2224                  *Counsel for Defendants*

IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VENTURA CONTENT, LTD.,<br><br>    Plaintiff,<br><br> v.<br><br>UGC INTERNET VENTURES, LTD.,<br>SOBONITO INVESTMENTS, LTD.,<br>and DOES 1-9,<br><br>    Defendants. | CIVIL ACTION<br><br> FILE NO. 1:12-CV-02856-TCB |

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following counsel of record:

>Ronan P. Doherty
>Georgia Bar No. 224885
>Email: doherty@bmelaw.com
>Randi Engel Schnell
>Georgia Bar No. 248592
>Email: schnell@bmelaw.com
>BONDURANT MIXSON & ELMORE LLP
>3900 One Atlantic Center
>1201 W. Peachtree Street, N.W.
>Atlanta, Georgia 30309

        Gianni P. Servodidio (*pro hac vice*)
        Email: gservodidio@jenner.com
        Alison I. Stein (*pro hac vice*)
        Email: astein@jenner.com
        JENNER & BLOCK LLP
        919 Third Avenue; 37th Floor
        New York, NY 10022-3908

This 5th day of December, 2012.

        */s/ Phillip S. McKinney*
        Phillip S. McKinney
        Georgia Bar No. 495725

ROGERS & HARDIN LLP
229 Peachtree Street NE
2700 International Tower
Atlanta, Georgia  30303
Tel:  (404) 522-4700
Fax:  (404) 525-2224
pmckinney@rh-law.com        *Attorneys for Defendants*

2