IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VENTURA CONTENT, LTD.,

Plaintiff,

v.

UGC INTERNET VENTURES, LTD.,
SOBONITO INVESTMENTS, LTD., and
DOES 1-9,

Defendants.

CIVIL ACTION
FILE NO.1:12-CV-02856-TCB

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF
VENTURA CONTENT, LTD.'S MOTION FOR AN ORDER
DIRECTING THE CLERK OF COURT TO SERVE
DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 4(f)(2)(C)(ii)**

## I.     INTRODUCTION

Plaintiff Ventura Content, Ltd. ("Plaintiff") moves for an order directing the

Clerk of Court to serve Defendants UGC Internet Ventures, Ltd. ("UGC") and

Sobonito Investments, Ltd. ("Sobonito") (collectively "Defendants") pursuant to

Federal Rule of Civil Procedure 4(f)(2)(C)(ii) by mailing a copy of the Summons

1033261.1

and Amended Complaint to Defendants via certified mail return receipt requested as described further herein.

## II.     FACTUAL BACKGROUND

A. <u>The Parties and Case</u>

Plaintiff owns copyrights in certain adult-oriented content and distributes that content throughout the United States, including in this district, through its affiliates in the United States.  Plaintiff is the owner of each of the valid, subsisting copyrights that are at issue in this litigation.  Amended Complaint ("AC") ¶ 14, Ex. A [Dkt. No. 7.]

Defendant UGC is purportedly a corporation organized under the laws of the British Virgin Islands ("BVI"), and purports to have a principal place of business in Cyprus.  Decl. of Judith Hamburger, Nov. 16, 2012 ("Hamburger Decl.") ¶ 3 [Dkt. No. 9.]  Defendant UGC has admitted that it has an office at an address in Cyprus located at Nicolaou Pentradromos Center, 9th Floor, Office 905-907, Block A, Corner of Agias Zonis and Thessalonikus Streets in Limassol, Cyprus. Hamburger Decl. ¶ 18.

Defendant Sobonito is purportedly a corporation organized under the laws of Cyprus, with a principal place of business in Cyprus.  AC ¶ 16; Decl. of Yoav Dror, Nov. 16, 2012 ("Dror Decl.") ¶ 3 [Dkt. No. 9.]  Although Defendant

Sobonito has appeared in this action, it has not disclosed its principal place of business.

As alleged in the Amended Complaint, Defendants infringe copyrighted content on a massive scale for their own benefit by operating websites known as Tube Sites that allow users to upload, view, and obtain copies of a large library of adult video content for free.  The Tube Sites operated by Defendants are accessible at the websites www.pornbanana.com and www.shufuni.com (hereinafter "the Accused Sites").  As set forth in the Amended Complaint, Plaintiff's registered copyrighted works have been viewed over one hundred thousand times by Defendants' users on the Accused Sites with resulting irreparable harm to Plaintiff. AC ¶¶ 2,6, 9, 42, 49, 57, 64.

B. Relevant Background

On May 4, 2012, Plaintiff applied to the Court for a subpoena under the Digital Millennium Copyright Act ("DMCA") to be issued to Georgia corporation NationalNet, Inc. ("NatNet").  The purpose of the subpoena was to identify the owners and operators of the Accused Sites, both hosted by NatNet in Georgia.  *See* Ventura's Application for DMCA Subpoena Pursuant to 17 U.S.C. § 512(h), Case No. 1:12-MI-0073 [Dkt. No. 1.]  The Court granted Plaintiff's application and issued a subpoena to NatNet requiring it to produce "[i]nformation, including,

name, address, telephone number and e-mail address, sufficient to identify the

operator of the www.pornbanana.com and www.shufuni.com websites." *See id.* at

Dkt. No. 2; Subpoena to NationalNet, Inc., May 7, 2012.  Pursuant to the Court's

DMCA subpoena, NatNet then produced, *inter alia*, a letter identifying the

operator of the Accused Sites as follows:

> Client Name:  UGC Internet Ventures, Inc.
> Client Address;  Nicolaou Pentadromos Center, 9th Floor, off. 905-907,
> Block A, Corner of Agias & Thessalonilus Str., Limassol, 3025 Cyprus
> Client Telephone Number:  8663732230
> Email Address:  yuval@sobonito.com

*See* Decl. of Patrick C. Fagan, Dec. 14, 2012 ("Fagan Decl.") ¶ 3, Ex. A, attached

hereto as Ex. 1.

Subsequently, Ventura filed a complaint against Defendant UGC on the

basis of the information provided by NatNet and the copyright infringement on the

Accused Sites operated by UGC.  [Dkt. No. 1.]  Thereafter, further investigation

revealed that UGC operated the Accused Sites in active concert and participation

with Sobonito.  Plaintiff filed an Amended Complaint adding Defendant Sobonito

on October 10, 2012.  [Dkt. No. 7.]

Since filing this case, Plaintiff has attempted to effect service upon

Defendants in a timely manner.  Plaintiff investigated various addresses for

Defendants in Cyprus and was unable to verify that they were valid.  Decl. of

Gianni P. Servodidio, Dec. 17, 2012, ("Servodidio Decl.") ¶¶ 9-10, attached hereto

as Ex. 2.  Plaintiff requested that UGC's former counsel in Nevada accept service

of the Complaint on UGC; after a delay of several weeks, he declined to do so.

Servodidio Decl. ¶¶ 8-9.  Defendants have also hired Georgia counsel to defend

them in this action and they too have refused to accept service of the Amended

Complaint.[1]  Servodidio Decl. ¶ 11.  As such, Plaintiff has not yet filed a proof of

service in this case or otherwise alleged that service has been completed.

Notwithstanding the foregoing, Defendants filed a premature Motion to

Dismiss for insufficiency of service of process on November 16, 2012.[2]

Memorandum of Law in Support of Defendants UGC Internet Ventures, Ltd. and

Sobonito Investments, Ltd.'s Mot. to Dismiss Compl. Pursuant to Federal Rule of

Civil Procedure 12(b), Nov. 16, 2012 ("Mot.") [Dkt. No. 9].  In support of that

motion, Defendants submitted two declarations from representatives from each of

the Defendants.  In one declaration, a member of Defendant UGC's Board of

Directors acknowledged that, on October 23, 2012, UGC received a copy of the

---

[1] Local Rule 7.4 precludes Ventura from attaching correspondence between counsel that documents UGC's and Sobonito's refusal to accept service.  But if the Defendants contest those facts, Plaintiff will be happy to submit that correspondence to the Court.  LR 7.4, N.D. Ga. ("Counsel shall not provide the court with copies of correspondence among themselves relating to matters in dispute.").

[2] As Defendants are well aware, Plaintiff has additional time to serve Defendants, both of which are foreign entities.  *See* Fed. R. Civ. P. 4(m).

Amended Complaint and Summons via UPS mail at its address listed above. Hamburger Decl. ¶ 18, attached hereto as Ex. 3.  In another declaration, a member of Sobonito's Board of Directors, attested to having "personal knowledge" of an October 23, 2012 delivery of the Amended Complaint and Summons to Sobonito at the aforementioned address in Cyprus.  Dror Decl. ¶ 15, attached hereto as Ex. 4. Even though Defendants have confirmed that they have notice of the litigation, Defendants' counsel continue to refuse to accept service of the Complaint. Servodidio Decl. ¶¶ 4, 6, 8-9, 11.

For the reasons set forth herein, Plaintiff now seeks leave to effectuate service of process upon Defendants by having the Clerk of Court mail the Summons and Complaint to Defendants at the address where they previously received notice of this Action, in accordance with Federal Rule of Civil Procedure 4(f)(2)(C)(ii).

## III.   ARGUMENT

### A. Governing Law

Both Defendants have alleged that they are foreign entities operating outside of the United States.  Mot. at 2-6.  Thus, Federal Rule of Civil Procedure 4(f) governs service of process in this case.  *See* Fed. R. Civ. P. 4(f) (governing service of process upon an entity in a foreign country).

1033261.1

In particular, "Rule 4(f)(2)(C)(ii) provides for service by mail that requires a signed receipt and is addressed and sent to the defendant by the Clerk of Court." *TracFone Wireless, Inc. v. Sunstrike Intern., Ltd.*, 273 F.R.D. 697, 699 (S.D. Fla. 2011). Specifically, Rule 4(f)(2)(C)(ii) provides that service may be effected in a place not within any judicial district of the United States:

> (2) if there is no internationally agreed means [of service], *or if an international agreement allows but does not specify other means*, by a method that is reasonably calculated to give notice:
> * * *
> (C) unless prohibited by the foreign country's law, by:
> * * *
> (ii) *using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt*

Rule 4(f)(2)(C)(ii) (emphasis supplied).

Thus, service under Rule 4(f)(2)(C)(ii) can be utilized if an applicable international agreement allows for other means of service, and if the method is reasonably calculated to give notice.

B. <u>An Applicable International Agreement Allows for Service Pursuant to Rule 4(f)(2)(C)(ii)</u>

The applicable international agreement between the United States and the countries at issue here (Cyprus and BVI) is the Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention" or the "Convention"). Here, the Hague Convention provides that it does not "interfere

with" certain other methods of serving documents.  Specifically, Article 10(a) of

the Convention states that:

> Provided the State of destination does not object, the present Convention shall not interfere with—
>
> > (a) the freedom to send judicial documents, by postal channels, directly to persons abroad.

Convention on the Service Abroad of Judicial and Extrajudicial Documents in

Civil or Commercial Matters, art. 10(a), Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S.

No. 6638.

This Court—as well as other circuit courts—have held that the meaning of

"send" in Article 10(a) includes "serve."  *See Patty v. Toyota Motor Corp.*, 777 F.

Supp. 956, 958-59 (N.D. Ga. 1991) ("This Court is persuaded that the weight of

authority favors an interpretation of Article 10(a) of the Hague Convention which

allows service of process by registered mail."); *Shiffer v. Mazda Motor*

*Corporation*, 192 F.R.D. 335, 337 (N.D. Ga. 2000) ("After careful review, this

Court adopts the view that Article 10 does permit service of process by mail."); *see*

*also Ackerman v. Levine*, 788 F.2d 830, 838 (2d Cir. 1986) (finding that service of

process by registered mail did not violate the Hague Convention); *Brockmeyer v.*

*May*, 383 F.3d 798, 802 (9th Cir. 2004)  ("[T]he meaning of 'send' in Article 10(a)

included "'serve.'").

As acknowledged by Defendants, *see* Mot. at 8 n.3, neither Cyprus nor BVI has objected to Article 10(a) of the Hague Convention.  *See* Hague Service Convention Status Table, *available at* www.hcch.net/index_en.php?act=conventions.status&cid=17.  Thus, Article 10(a) of the Hague Convention permits service upon Defendants by international postal channels directly to persons abroad.  *TracFone Wireless, Inc. v. Bequator Corp., Ltd.,* 717 F. Supp. 2d 1307, 1309 (S.D. Fla. 2010) (citing *Curcuruto v. Cheshire,* 864 F. Supp. 1410, 1411 (S.D. Ga. 1994)).  Indeed, numerous district courts within the Eleventh Circuit have permitted service by international mail under the Hague Convention, pursuant to Rule 4(f)(2)(C)(ii) or another law.  *See TracFone Wireless v. Sunstrike Intern., Ltd.*, 273 F.R.D. 697, 699 (S.D. Fla. 2011) (allowing service via international express mail pursuant to Rule 4(f)(2)(C)(ii) and Article 10(a) of the Hague Convention); *Lestrade v. United States*, 945 F. Supp. 1557, 1559 (S.D. Fla. 1996) (permitting service by mail pursuant to Article 10(a) of the Hague Convention); *Conax Florida Corp. v. Astrium Ltd.*, 499 F. Supp. 2d 1287, 1293 (M.D. Fla. 2007) (finding that the Hague Convention permits service of process by mail on foreign company); *see also Brockmeyer*, 383 F. 3d at 802 (permitting

service of process by mail under Article 10(a) of the Hague Convention pursuant to, *inter alia*, Rule 4(f)(2)(C)(ii)).[3]

C. Service by Rule 4(f)(2)(C)(ii) is Reasonably Calculated to Give Notice

Given the foregoing provisions of the Hague Convention, service on Defendants via international postal channels is appropriate pursuant to Rule 4(f)(c)(ii) provided that it is reasonably calculated to give notice. This requirement is readily satisfied in this case.

First and foremost, Plaintiff's previous efforts have already provided actual notice to Defendants in this case. It cannot be controverted that Defendants have appeared in this action, filed two separate motions, and are in regular contact with Georgia Counsel. In fact, a member of the board of directors of each Defendant has filed a declaration—under the caption of this case—in support of Defendants' pending Motion to Dismiss. *See* Dror Decl. and Hamburger Decl..

In addition, Defendant UGC has acknowledged a valid business address in Cyprus, and has acknowledged receipt of the Summons and Amended Complaint at that address. Thus, there can be no doubt that Defendant UGC will receive a

---

[3] Translation of documents is not required when serving under Rule 4(f)(2)(C)(ii). *See Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, 796 F. Supp. 2d 946, 956 (N.D. Iowa 2011) ("[I]t is well-settled that the translation requirement is triggered only when it is the Central Authority that serves the document . . . Documents served upon Cyprus residents or citizens under Article 10(a) need not be translated . . .").

1033261.1

copy of the Amended Complaint and Summons sent by the Clerk of Court to that same address, pursuant to Rule 4(f)(2)(C)(ii).

Similarly, Defendant Sobonito has acknowledged receipt of the Summons and Amended Complaint at the address set forth above for UGC.  Whether or not Sobonito affirmatively acknowledges the sufficiency of this address is immaterial. Rule 4(f)(2)(C)(ii) requires only that the method of service be *reasonably calculated to give notice*.  Given Sobonito's admission that it received notice of the Amended Complaint at the address listed above, service pursuant to Rule 4(f)(2)(C)(ii) is reasonably calculated to give notice.  Indeed, in assessing the propriety of the instant request, the Court "should not lose sight of what service of process is about, it is about giving a party notice of the pendency of an action and the opportunity to respond."  *Nanya Technology Corp. v. Fujitsu Ltd.*, No. CV 06-00025, 2007 WL 269087, at *5 (D. Ct. Guam Jan. 26, 2007) (citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002)).

Finally, in addition to serving UGC and Sobonito at the aforementioned Cyprian address, Plaintiff also requests that the Court direct the Clerk to serve both Defendants at the BVI address listed on UGC's corporate records on file in corporate registries of the BVI.  Servodidio Decl. ¶ 12.  That BVI address is also the address of the registrant of the Sobonito.com domain name, as well as the

1033261.1

domain names for the Accused Sites.  *See* Decl. of David Costello, Dec. 17, 2012 ¶¶ 8-11, attached hereto as Ex. 5.

In sum, no matter what else Defendants may say, they already have received notice and opportunity to respond to the instant litigation. The additional service requested herein will remove any shadow of doubt that Defendants have received full and adequate notice of the claims in this case in accordance with the mechanisms set forth under the Federal Rules for service on foreign defendants. Any opposition to this motion by Defendants at this point would appear to be designed solely to delay and to increase the costs of this litigation.[4]

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully moves for an order directing the Clerk of Court to serve Defendants pursuant to Rule 4(f)(2)(C)(ii).  For the Court's convenience, Plaintiff has attached a Proposed Order granting this relief as Exhibit 6.  Per the Clerk's request, copies of Summons forms bearing the addresses listed in the Proposed Order are attached hereto as Ex. 7.  Upon the Court issuing

---

[4] Defendants' argument that "Rule 4(f)(1) does not affirmatively authorize service upon a foreign defendant corporation located outside the U.S. via international mail, but rather only by methods of service authorized by the Hague," is inapposite.  Mot. at 8-9.  As noted herein, Plaintiff is seeking to effectuate service pursuant to Rule 4(f)(2)(C)(ii), *not pursuant to Rule 4(f)(1)*.  As outlined above, Article 10(a) of the Hague convention allows for service by the means outlined in Rule 4(f)(2)(C)(ii), and neither the BVI or Cyprus have objected to Article 10(a).

the order requested herein, Plaintiff will provide the Clerk of Court with the

necessary prepaid international mail and Federal Express materials.

 Date:  December 17, 2012            Respectfully submitted,


                                     /s/ Ronan P. Doherty
                                     Ronan P. Doherty
                                     Georgia Bar No. 224885
                                     email: doherty@bmelaw.com
                                     Randi Engel Schnell
                                     Georgia Bar No. 248592
                                     email: schnell@bmelaw.com
                                     BONDURANT MIXSON & ELMORE LLP
                                     3900 One Atlantic Center
                                     1201 W. Peachtree Street, N.W.
                                     Atlanta, Georgia 30309
                                     Telephone (404) 881-4100
                                     Facsimile (404) 881-4111

                                     Gianni P. Servodidio (*pro hac vice*)
                                     email: gservodidio@jenner.com
                                     Alison I. Stein (*pro hac vice*)
                                     email: astein@jenner.com
                                     JENNER & BLOCK LLP
                                     919 Third Avenue; 37th Floor
                                     New York, NY 10022-3908
                                     Telephone:  (212) 891-1600
                                     Facsimile:  (212) 891-1699

                                     *Attorneys for Ventura Content, Ltd.*

1033261.1