IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VENTURA CONTENT, LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>UGC INTERNET VENTURES, LTD.,<br>SOBONITO INVESTMENTS, LTD.,<br>and DOES 1-9,<br><br>    Defendants. | CIVIL ACTION<br><br>FILE NO. 1:12-CV-02856-TCB |

**DEFENDANTS UGC INTERNET VENTURES, LTD. AND SOBONITO INVESTMENTS, LTD.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF VENTURA CONTENT, LTD.'S MOTION FOR AN ORDER DIRECTING THE CLERK OF COURT TO SERVE DEFENDANTS <u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(2)(C)(ii)</u>**

## I. INTRODUCTION

Defendants UGC Internet Ventures, Ltd. ("UGC") and Sobonito Investments, Ltd. ("Sobonito," collectively with UGC, "Defendants") are foreign companies that do not maintain any offices or employees anywhere in the United States. As such, service of process must be made upon them pursuant to Article 5 of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Nov.15,1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (the "Hague Service Convention"). Yet Plaintiff Ventura Content, Ltd. ("Ventura" or "Plaintiff") refuses to pursue proper service under the Hague Service Convention. Instead, Plaintiff now asks the Clerk of the Court to essentially replicate previous unauthorized mailings that Plaintiff agrees did not constitute service on Defendants. This Court should not allow Plaintiff to contravene the requirements of an applicable international treaty. Plaintiff's motion should be denied and Plaintiff should be required to effect service pursuant to Article 5 of the Hague Service Convention.

## II. FACTUAL BACKGROUND

All parties to this case are non-residents of the United States. Plaintiff Ventura is a company with a principal place of business in Anguilla. First Amended Complaint ¶ 11. Defendant UGC is a company organized and existing

under the laws of the British Virgin Islands ("BVI"), with a principal place of business in Cyprus. Hamburger Decl.,[1] ¶ 3. Defendant Sobonito is a company organized and existing under the laws of Cyprus, with a principal place of business in Cyprus. *Id.* Thus, both UGC and Sobonito are foreign corporations that must be served outside the United States.

On October 23, 2012, UPS delivered four envelopes to UGC's office address located at Nicolaou Pentadromos Center, 9th Floor, Office 905-907, Block A, Corner of Agias Zonis and Thessalonikus Streets, in Limassol, Cyprus. Hamburger Decl., ¶ 18; Dror Decl., ¶ 15. Sobonito is not located at this address. Dror Decl., ¶ 16. The individual who signed for the UPS delivery was not authorized by UGC or Sobonito to accept service on their behalf. Hamburger Decl., ¶ 15; Dror Decl., ¶ 16. Having no evidence that Plaintiff had initiated service via the Central Authority designated by either Cyprus or BVI pursuant to the Hague Service Convention (which Plaintiff now admits it did not), and with no way of knowing when Plaintiff might (even if erroneously) deem its efforts sufficient to warrant filing a proof of service, Defendants filed their Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 12(b) wholly to

---

[1] "Hamburger Decl." refers to the Declaration of Judith Hamburger, filed in support of Defendants' Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 12(b) ("Def.'s Personal Jurisdiction Motion"). Dkt. 9-3. "Dror Decl." refers to the Declaration of Yoav Dror, filed in support of Def.'s Personal Jurisdiction Motion. Dkt. 9-2.

avoid any potential motion for default judgment by Plaintiff. Def.'s Personal Jurisdiction Motion, Dkt. 9-1, at 1 (noting purpose of motion is to avoid default judgment).

Plaintiff's motion ("Pl.'s Mov. Mem.") describes its purported attempts to serve process upon Defendants. Pl.'s Mov. Mem. at 4-5. It is undisputed that Plaintiff never initiated service pursuant to Article 5 of the Hague Service Convention. *See id.* Nor does the present motion seek to serve Defendants via the Hague Service Convention. Instead, Plaintiff now requests the Clerk of the Court to merely repeat the equivalent of its UPS mailings. *Id.* at 6.

## III. <u>ARGUMENT</u>

Plaintiff correctly states that Federal Rule of Civil Procedure 4(f) governs service of process in this case. Pl.'s Mov. Mem. at 6. Rule 4(f) provides that persons may be served outside the United States:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague [Service Convention];
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> (A) as prescribed by the foreign country's law for service in that county in an action in its courts of general jurisdiction;

> > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
> > (C) unless prohibited by the foreign country's law, by:
>
> > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
>
> > > (ii) using any form of mail that the clerk addressed and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f); *see also* Fed. R. Civ. P. 4(h)(2) (directing that service on a foreign corporation outside of the United States shall be effected "in any manner prescribed by Rule 4(f)" with an exception for personal service not relevant here).

Plaintiff also correctly concedes that the Hague Service Convention is the internationally agreed means of service applicable here as Cyprus and BVI are both signatories to that treaty. Pl.'s Mov. Mem. at 7. Nevertheless, Plaintiff argues that service should be effected by mail pursuant to Rule 4(f)(2)(C)(ii). *Id.* This argument is unavailing. First, it ignores Rule 4(f)(1) entirely, which controls as there is "an internationally agreed means of service" in this case. Indeed, Rule 4(f)(1) explicitly references the Hague Convention.

Second, Plaintiff's interpretation of Rule 4(f)(2) belies the plain language of the Rule, which applies "if an international agreement allows but does not specify other means." Article 5 of the Hague Service Convention specifically

4

authorizes service through the Central Authority designated by each contracting state to accept incoming requests for service. *See* Hague Service Convention, Art. 5. In contrast, Article 10(a) of the Hague Service Convention provides that it "*shall not interfere with* … the freedom to send judicial documents, by postal channels, directly to persons abroad" (emphasis added). Thus, Plaintiff's argument relies on the fact that the applicable international agreement – the Hague Service Convention – *allows* for mail service while conveniently and improperly ignoring the form of service that is *specified* therein – i.e., through the Central Authority pursuant to Article 5.

Plaintiff cites case law holding that the meaning of "send" in Article 10(a) includes "serve" to support its argument that service should be effected in this case by mail. Pl.'s Mov. Mem. at 8. This, however, misses the point. As noted above, though the Hague Service Convention *allows* service via postal channels under Article 10(a), it *specifies* that service be effected pursuant to Article 5 via the Central Authority designated by the receiving country. In other words, service must be rendered through the *Central Authority,* thus rendering Rule 4(f)(2)(C)(ii) inapplicable.

Although the Eleventh Circuit has not yet reached the issue, recent and persuasive authority from its sister Circuits supports the interpretation that the

only means of service specified by the Hague Service Convention is pursuant to Article 5. In *Brockmeyer v. May*, 383 F.3d 798, 802-05 (9th Cir. 2004), the Ninth Circuit held that the meaning of "send" in Article 10(a) includes "serve" but that the inquiry does not end there:

> Article 10(a) does not itself affirmatively authorize international mail service. It merely provides that the [Hague Service] Convention "shall not interfere with" the "freedom" to use postal channels if the "State of destination" does not object to their use. As the Rapporteur for the Convention wrote in explaining Article 10(a), "It should be stressed that in permitting the utilization of postal channels, ... the draft convention did not intend to pass on the validity of this mode of transmission under the law of the forum state: *in order for the postal channel to be utilized, it is necessary that it be authorized by the law of the forum state*."

*Brockmeyer*, 383 F.3d at 803-04 (quoting 1 Ristau § 4–3–5, at 205 (quoting Hague Service Convention Negotiating Document) (emphasis and omission in original)). In other words, "[a]ny affirmative authorization of service by international mail, and any requirements as to how that service is to be accomplished, must come from the law of the forum in which the suit is filed." *Id.* at 804. Accordingly, the Court must look outside the Hague Service Convention at the law of the jurisdiction where the action is pending to determine what form of service is authorized. As the action is pending in a U.S. District Court, we must look to the U.S. Federal Rules of Civil Procedure. Rule 4(f)(1) authorizes service by the

6

methods of service authorized by the Hague Service Convention as ratified by the United States, Cyprus and the British Virgin Islands. Rule 4(f)(1), however, "does not go beyond means of service affirmatively authorized by international agreements." *Brockmeyer*, 383 F.3d at 804. Thus, under Article 5 of the Hague Service Convention – and under Fed. R. Civ. P. 4(f)(1) through its incorporation of the Hague Service Convention – service of process is affirmatively authorized, or specified, only through the Central Authority of a receiving state. *See Brockmeyer*, 383 F.3d at 804.

Plaintiff contends that courts in the Eleventh Circuit have routinely permitted service upon non-resident defendants by international mail. Pl.'s Mov. Mem. at 9-10. In fact, courts in this Circuit that permit service by international mail have done so where the plaintiff also sought to effect service through the Central Authority of the appropriate country. For example, in *TracFone Wireless, Inc. v. Sunstrike Int'l Ltd.*, 273 F.R.D. 697, 698-99 (S.D. Fla. 2011), a case cited by Plaintiff here, the plaintiff sought and the court granted permission to serve the defendants pursuant to Rule 4(f)(1) via the Hong Kong Central Authority and pursuant to Rule 4(f)(2)(C)(ii) by international express mail and Federal Express. *See also, e.g.*, *Maale v. Francis*, 258 F.R.D. 533, 535-36 (S.D. Fla. 2009) (granting motion to serve by mail under Rule 4(f)(2)(C)(ii) conditionally; plaintiff had

already pursued service via the Argentine Central Authority). Thus, even if these cases were binding, which they are not, and even if this Court arguably has the authority to issue the order sought under Rule 4(f)(2)(C)(ii), the Court ought not exercise its discretion to do so in this case where Plaintiff has never made a good faith effort to comply with Rule 4(f)(1).

Here, Plaintiff has neither attempted nor requested permission to serve Defendants pursuant to Article 5 of the Hague Service Convention prior to or in addition to its request that the Clerk serve Defendants by international mail. Instead, Plaintiff seeks the Court's assistance in thwarting the clear language of Rule 4(f). In support, Plaintiff argues that service by certified mail from the Clerk would be reasonably calculated to give notice to Defendants since Defendants have already received actual notice of Plaintiff's action. Pl.'s Mov. Mem. at 10-11. According to Plaintiff, having the Clerk send certified mail to the same address previously used will result once more in actual notice to Defendants, which would constitute proper service.

As a threshold matter, that Defendants have actual notice of the filing of the suit will not excuse Plaintiff's failure to properly effect service. "Due process under the United States Constitution requires that 'before a court may exercise personal jurisdiction over a defendant, there must be *more than* notice to

8

the defendant . . . [t]here also must be a *basis* for the defendants' amenability to service of summons. Absent consent, this means there must be *authorization* for service of summons on the defendant.'" *Prewitt Enter., Inc. v. OPEC*, 353 F.3d 916, 924-25 (11th Cir. 2003) (emphasis, omission and alteration in original) (quoting *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). "In other words, an individual or entity 'is not obliged to engage in litigation unless [officially] notified of the action . . . under a court's authority, by formal process.'" *Id.* at 925 (alteration and omission in original) (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999)). Thus, that Defendants were diligent and appeared in this case for the limited purpose of contesting jurisdiction and service, should not strip them of their right to proper service notwithstanding any "notice."

Furthermore, Plaintiff's request to use the same address is wholly unavailing as to Defendant Sobonito because Sobonito is not located at that address. Any such mailing, therefore, could only result again, at best, in actual notice insufficient to vest this Court with jurisdiction. The same would be true for UGC's BVI address (*see* Pl.'s Mov. Mem. at 11), where Sobonito is likewise not located.

Irrespective, however, of whether the Clerk's mailing is reasonably calculated to give notice to either Defendant, service pursuant to Rule 4(f)(2)(C)(ii) is inappropriate in this case where Plaintiff has failed to pursue the means of service specified under Article 5 of the Hague Service Convention.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion for an order directing the Clerk of Court to serve Defendants pursuant to Rule 4(f)(2)(C)(ii) should be denied in its entirety and Plaintiff should be required to effect service pursuant to Article 5 of the Hague Service Convention.

Dated: January 17, 2013.

                                              ROGERS & HARDIN LLP

                                              */s/ Phillip S. McKinney*
                                              **PHILLIP S. MCKINNEY**
                                              Georgia State Bar No. 495725
                                              **RICHARD H. SINKFIELD**
                                              Georgia State Bar No. 649100
                                              **JOSHUA P. GUNNEMANN**
                                              Georgia Bar No. 152250
                                              Email: pmckinney@rh-law.com
                                              Email: rsinkfield@rh-law.com
                                              Email: jgunnemann@rh-law.com
                                              229 Peachtree Street NE
                                              2700 International Tower
                                              Atlanta, GA 30303
                                              Phone: 404-522-4700
                                              Fax: 404-525-2224

- and –

KELLEY DRYE & WARREN LLP

*/s/ Andrea L. Calvaruso*
**ANDREA L. CALVARUSO**
Admitted *Pro Hac Vice*
**TARANEH J. MARCIANO**
Admitted *Pro Hac Vice*
Email: acalvaruso@kelleydrye.com
Email: tmarciano@kelleydrye.com
101 Park Avenue
New York, NY 10178
Phone: 212-808-7800
Fax: 212-808-7897

*Attorneys for Defendants UGC Internet Ventures, Ltd. and Sobonito Investments, Ltd.*

IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VENTURA CONTENT, LTD.,<br><br>  Plaintiff,<br><br> v.<br><br>UGC INTERNET VENTURES, LTD.,<br>SOBONITO INVESTMENTS, LTD.,<br>and DOES 1-9,<br><br>  Defendants. | CIVIL ACTION<br><br>FILE NO. 1:12-CV-02856-TCB |

**CERTIFICATE OF COMPLIANCE**

    Pursuant to Local Rule 7.1(D), I certify that this pleading complies with the font and point selections set forth in Local Rule 5.1(C). This pleading has been prepared using Times New Roman font (14 point).

                                                          /s/ *Phillip S. McKinney*
                                                          Phillip S. McKinney

ROGERS & HARDIN LLP
229 Peachtree Street NE
2700 International Tower
Atlanta, Georgia 30303
Tel: (404) 522-4700
Fax: (404) 525-2224                                   *Counsel for Defendants*

IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VENTURA CONTENT, LTD., <br><br> Plaintiff, <br><br> v. <br><br> UGC INTERNET VENTURES, LTD., SOBONITO INVESTMENTS, LTD., and DOES 1-9, <br><br> Defendants. | CIVIL ACTION <br><br> FILE NO. 1:12-CV-02856-TCB |

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I filed the foregoing brief with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following counsel of record:

Ronan P. Doherty
Georgia Bar No. 224885
Email: doherty@bmelaw.com
Randi Engel Schnell
Georgia Bar No. 248592
Email: schnell@bmelaw.com
BONDURANT MIXSON & ELMORE LLP
3900 One Atlantic Center
1201 W. Peachtree Street, N.W.
Atlanta, Georgia 30309

Gianni P. Servodidio (*pro hac vice*)
Email: gservodidio@jenner.com
Alison I. Stein (*pro hac vice*)
Email: astein@jenner.com
JENNER & BLOCK LLP
919 Third Avenue; 37th Floor
New York, NY 10022-3908

This 17th day of January, 2013.

/s/ *Phillip S. McKinney*
Phillip S. McKinney
Georgia Bar No. 495725

ROGERS & HARDIN LLP
229 Peachtree Street NE
2700 International Tower
Atlanta, Georgia 30303
Tel: (404) 522-4700
Fax: (404) 525-2224
pmckinney@rh-law.com *Attorneys for Defendants*