IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VENTURA CONTENT, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>UGC INTERNET VENTURES, LTD.,<br>SOBONITO INVESTMENTS, LTD.,<br>and DOES 1-9,<br><br>Defendants. | CIVIL ACTION<br>FILE NO. 1:12-CV-02856-TCB |

YOAV DROR declares, pursuant to 28 U.S.C. § 1746, that:

1. I am a former member board of directors of Sobonito Investments, Ltd. ("Sobonito") and have acted on behalf of the board of directors of Sobonito and have had the authority to act for Sobonito since 2009. Copies of relevant power of attorney documents are attached hereto as Exhibit A. I have been the individual with the daily management and ultimate decision authority for Sobonito since at least 2009 and have good knowledge and understanding of all of the actions of Sobonito as a result thereof.

2. At the time I filed my prior declaration submitted in this Action dated November 16, 2012, I believed I was also a member of the board of directors of Sobonito. I have recently discovered via the review of corporate documents that I am not a current member of Sobonito's Board of directors and therefore bring

this inadvertent misstatement to the attention of the Court. Despite my mistaken impression about my title, this misstatement had and has no bearing on my knowledge or ability to make the statements set forth in my declaration dated November 16, 2012, because the fact remains that I had knowledge of the facts set forth in that prior declaration and was authorized to sign the declaration pursuant to my duties for Sobonito since at least 2009, and the power of attorney executed by Sobonito's Board of Directors.

3. I submit this declaration on behalf of Sobonito, a company separate and distinct from defendant UGC Internet Ventures, Ltd. ("UGC"), in support of (i) the Motion to Dismiss Complaint for Lack of Personal Jurisdiction and (ii) the Motion to Dismiss Complaint on Grounds of *Forum Non Conveniens*. I have personal knowledge of the matters set forth herein.

4. Sobonito is a company organized and existing under the laws of Cyprus, with a principal place of business in Cyprus.

5. Sobonito does not have, and has never had, any offices or employees anywhere in the U.S., and all of its corporate documents, including accounting documents, correspondence, and contracts with third parties are located in Cyprus.

6. Sobonito has no responsibility for operation of the websites located at www.shufuni.com and www.pornbanana.com (collectively "Tube Sites").

7. All of Sobonito's representatives and directors are located in Cyprus.

8. The Tube Sites are not operated by or on behalf of Sobonito. Indeed, Sobonito has no involvement whatsoever with the Tube Site located at the web address www.pornbanana.com or the Tube Site located at the web address www.shufuni.com.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 02/20/2013

_____
**YOAV DROR**

# EXHIBIT A

# POWER OF ATTORNEY

By this Power of Attorney SOBONITO LIMITED, a Company registered under the laws of the Cyprus, under registration number 131245 having its registered address at 333 28th October Ariadni House, office/flat 31, 3106 Limassol, Cyprus (hereinafter called the "Grantor") has made, constituted and appointed and does hereby constitute and appoint Mr. Yoav Dror holder of passport No. ISR 10909790 residing at 34 Paniotis Avenue, Germasogeia, 4044 Limassol, Cyprus (hereinafter called the "Attorney") to be the Grantor's lawful Attorney and act in the name of the Grantor and as from the date hereof to do all or any of the following acts, deeds and things, that is to say:

1. To represent the Grantor in any official and unofficial negotiations, meetings, conferences and other demonstrations with prospective or existing business associates or partners or correspondents or agents, or customers of the Grantor and to sign and execute on behalf of the Grantor agreements, contracts and all other documents whatsoever pertaining to the participation of the Grantor in business operations and activities in general, in joint ventures, partnerships or other companies.

2. To appear before any Government, Local Ruler, Supreme or Local Authority, Public Body, Government Department, Association, firm or company public or private or any person and enter into negotiations and conclude or modify or cancel and sign or execute any contract or arrangement with any such authorities or persons, as aforesaid;

3. To carry into effect and perform all agreements and other obligations entered into by the Grantor with any other person or persons and in this connection to execute and effect whatever documents, instructions and payments may be necessary on behalf of the Grantor.

4. To manage, sell let and transfer the Grantor's real and leasehold estates in such manner as the Attorney shall think fit and to make any outlay in connection with the said estates and the upkeep thereof or otherwise in relation to the said estates or any part thereof.

5. To manage the Grantor's business, affairs, investments, securities and personal property for the time being in such manner as the Grantor's Attorney shall think fit and to make any payments in connection with any business, affairs, investments, securities and personal property.

6. To settle, compromise or submit to arbitration all accounts, claims and disputes between the Grantor and any other person or persons.

7. To buy, sell, deal and/or act in all matters connected with any shares, stocks debentures, debenture stock, annuities of whatever nature which are now held or may hereafter be held by the Grantor.

.../2

8. To invest any of the Grantor's monies is such manner at such rate of interest and upon such securities as the Grantor's Attorney shall in his absolute discretion think fit and from time to time to vary the said investments or any of them and in the meantime and pending any such investments as aforesaid to deposit the said money or any part thereof with any banker or bankers to whom the Attorney shall think fit to entrust the same.

9. To vote at the meetings of any company or companies or otherwise to act as the Attorney or proxy in respect of any stocks, shares or other investments now held or which may hereafter be acquired by the Grantor therein whether solely or jointly with any other person or persons.

10. To open up, establish, register, maintain, operate and manage a branch of the Grantor or to apply and secure a licence or a permit or an authority for the Grantor to trade with limited liability and generally to open and establish at any place or places a branch or branches or places of business of the Grantor and to do all acts and things necessary or expedient in that behalf including the appearance before any authority governmental, local or otherwise the signing of any forms or documents including any application and the leasing or hiring upon any terms of premises for the purpose of carrying out the aforesaid powers and authorities.

11. To open bank accounts with any Bank and in any currency in any part of the world and to operate any bank account already opened in the Grantor's name and to open and operate any new bank account to be opened in the Grantor's name and to draw, sign, indorse and negotiate cheques, bills of exchange, dividend and interest, warrants and negotiable instruments including power to give promissory notes or accept bills of exchange and to sign in the Grantor's name and execute on its behalf all contracts, transfers, assignments, deeds and instruments whatsoever.

18. Generally to act in relation to the Grantor's property and affairs and to this deed as fully and effectually in all respects as the Grantor could do.

AND the Attorney has to notify the Grantor for each action taken by him pursuant to the powers vested to him under this Power of Attorney provided always that such notification will take place within five (5) business days from the action taken. Notwithstanding the failure of the Attorney to give proper notification as mentioned in the paragraph the Grantor undertakes to approve and recognise all and every act taken by the Attorney by virtue of the present Power of Attorney.

IN WITNESS whereof the foregoing Power of Attorney was made and executed the 1 day of January 2009, and shall be valid until 31 December 2013.

The Common Seal of
SOBONITO LIMITED
was hereunto affixed
in the presence of:

..................................................
Costas Christoforou
Director

..................................................
Arlene Nahikian
Director