IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VENTURA CONTENT, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NUMBER 1:12-cv-2856-TCB |
| UGC INTERNET VENTURES, LTD., ) et al., ) | |
| ) | |
| Defendants. ) | |

## O R D E R

This case is before the Court on Defendants' motion to dismiss for lack of personal jurisdiction [9] and alternative motion to dismiss based on the doctrine of *forum non conveniens* [26].

I. Background

Plaintiff Ventura Content, Ltd. holds copyrights in certain pornographic videos that it distributes over the Internet. In this action, Ventura alleges that Defendants UGC Internet Ventures, Ltd. and Sobonito Investments, Ltd. infringed its copyrights by operating "tube sites," which

allowed users to upload, view, and obtain copies of its copyrighted videos without its authorization.

Ventura is an Anguillan company with its principal place of business in Anguilla. UGC is a British Virgin Islander company with its principal place of business in Cyprus. Sobonito is a Cypriot company with its principal place of business in Cyprus. Defendants contend that this action should be dismissed because the Court lacks personal jurisdiction over them and because Cyprus would be a more appropriate forum under the doctrine of *forum non conveniens.*

II.  Discussion

"If . . . a court can readily determine that it lacks jurisdiction over the cause or the defendant, the proper course would be to dismiss on that ground." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 436 (2007). "But where subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course." *Id.*

In this case, personal jurisdiction is difficult to determine. In response to Defendants' motion to dismiss on that ground, Ventura has

requested discovery involving witnesses and documents located outside the United States. Such discovery and the determination of personal jurisdiction would be a substantial burden on the parties and the Court. Moreover, for the reasons discussed below, *forum non conveniens* considerations weigh heavily in favor of dismissal; therefore, even if the Court had jurisdiction over Defendants, the Court would still dismiss Ventura's complaint on that ground. Consequently, the Court will not address personal jurisdiction.

Before granting a *forum non conveniens* dismissal, a district court must consider "whether an adequate alternative forum is available, whether the public and private factors weigh in favor of dismissal, and whether the plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice." *Galbert v. W. Caribbean Airways*, 715 F.3d 1290, 1295 (11th Cir. 2013).

### A. Alternative Forum

"An alternative forum is 'available' to the plaintiff when the foreign court can assert jurisdiction over the litigation sought to be transferred." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1330 (11th Cir. 2011) (quoting *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001)). "Ordinarily, [the

requirement of an available forum] will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." *Id.* (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981)).  In this case, Defendants have stipulated that they will submit to service of process in Cyprus.  Therefore, Cyprus is available as an alternative forum.

An alternative forum is adequate unless "the remedy provided by th[at] alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all."  *Id.* (alteration in original) (quoting *Piper Aircraft*, 454 U.S. at 254).  In this case, Defendants have submitted the declaration of a Cypriot attorney showing that "[Plaintiff] could be able to sue the Defendants in Cyprus based on the allegations found in the Amended Complaint and that Cyprus Courts could provide a forum to adjudicate [Plaintiff's] claims and grant relief to [Plaintiff] by applying U.S. Copyright Law."  This is sufficient to meet Defendants' burden of showing that Cyprus is an adequate alternative forum, and Ventura has introduced no evidence to the contrary.  Therefore, the Court finds that Cyprus is an available and adequate alternative forum.

### B.  Public and Private Factors

The private factors are generally considered more important than the public factors; however, courts should consider both in ruling on a *forum non conveniens* motion.  *Leon*, 251 F.3d at 1311.  In considering the private factors, "there is normally a strong presumption that the plaintiff has chosen a sufficiently convenient forum."  *Id.* at 1314.  "However, the presumption that a plaintiff has chosen a sufficiently convenient forum weakens when the plaintiff is a foreigner litigating far from home, and in such cases plaintiff's forum choice is accorded less deference."  *Id.* at 1315 (internal citations and quotation marks omitted).

Plaintiff in this case, Ventura, is a foreign company; therefore, its choice of forum is entitled to limited deference.  The other private factors the Court must consider are as follows:

> [T]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Id.* (quoting *Piper Aircraft*, 454 U.S. at 241 n.6).  In this case, most of the relevant sources of proof and witnesses are located outside the United

States, and many of them are located in Cyprus.  Therefore, the foregoing factors all favor dismissal.

In particular, (1) documents and witnesses with knowledge regarding the creation, operation and maintenance of the tube sites are located in Cyprus; (2) individuals who understand and control the operation of the tube sites, including the process by which user content is uploaded, stored and displayed, and related information, are located in Cyprus or Israel; (3) witnesses with knowledge regarding the tube sites' terms and conditions, including takedown and abuse policies, and related documents, are located in Cyprus or Israel; (4) information regarding content maintained on the tube sites is located in the possession or control of agents in Israel; (5) Defendants' corporate witnesses are all located outside of the United States; and (6) Ventura's Federal Rule of Civil Procedure 30(b)(6) corporate witnesses, whom Defendants are entitled to examine, are located outside of the United States.

Because all of the parties and most of the relevant witnesses and sources of proof are located outside the United States, and many of them are located in Cyprus, the Court finds that the private factors weigh heavily

in favor of dismissal, despite the limited deference given to Ventura's choice of forum.

The public factors relevant to the *forum non conveniens* analysis include the following:

> [T]he administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Tazoe*, 631 F.3d at 1333 (alteration in original) (quoting *Piper Aircraft*, 454 U.S. at 241 n.6). Neither party has presented evidence of congestion in the Cypriot courts, so this factor is neutral. Because all parties are foreign companies, this is not a local controversy even though Ventura owns and seeks to protect several U.S. copyrights; thus, this factor weighs in favor of dismissal. As for governing law, the complaint avers copyright-infringement claims pursuant to the Copyright Act of 1976, 17 U.S.C. § 101. Consequently, the "forum that is at home with the law" is this Court, which weighs against dismissal.

Turning to the next factor, Defendants have not argued that dismissal is appropriate to avoid "unnecessary problems in conflicts of laws" in this

Court; therefore, this factor is neutral at best.  Finally, even though the claims arise from U.S. copyrights, the unfairness of burdening U.S. citizens with jury duty weighs in favor of dismissal, given that this is a dispute between foreign companies.

In sum, the balance of public factors also weighs in favor of dismissal. Therefore, Defendants have met their burden of showing that the balance of private and public factors weighs in favor of dismissal.

### C.     Inconvenience or Prejudice to Plaintiff

There is no reason to believe that Ventura cannot re-file its complaint in Cyprus without undue inconvenience or prejudice.  Indeed, Defendants have agreed to submit to service of process in Cyprus, and there would be no question as to a Cypriot court's jurisdiction over them.  Therefore, Defendants have met their burden of showing the absence of undue inconvenience or prejudice to Ventura.

## III.    Conclusion

Defendants' motion to dismiss based on the doctrine of *forum non conveniens* [26] is GRANTED, and Plaintiff's complaint is hereby DISMISSED WITHOUT PREJUDICE.  Defendants' motion to dismiss for

lack of personal jurisdiction [9] is DENIED AS MOOT.  The Clerk is DIRECTED to close the case.

 IT IS SO ORDERED this 13th day of August, 2013.

          _____
          Timothy C. Batten, Sr.
          United States District Judge